## 8317.

### HARTER v. BANK OF BRUNSON.

BANKS—NEGLIGENCE—PRINCIPAL AND AGENT.—A DRAFT deposited on a slip containing a provision that the bank is not to be held liable until the draft is collected, does not exempt the bank from its negligence or that of its correspondents, who are its agents, and where it forwards such draft promptly to its correspondent for collection, but hears nothing of it for several months, during which time the drawee

becomes insolvent, the bank is liable to the depositor for the amount of the draft.

Before PRINCE, J., Hampton, June term, 1911. Affirmed.

Action by W. E. Harter against Bank of Brunson. Defendant appeals.

*Messrs. W. B. deLoach* and *W. D. Connor,* for appellant. *Mr. deLoach* cites: *Burden is not on bank to show absence of negligence:* 90 Tenn. 227; 7 La. 477; 13 La. 114; 106 Ala. 387; 73 La. 649; 131 Pa. 101. *Title to drafts to be collected remains in depositor:* 77 N. W. 796; 75 N. W. 228. *Under agreement of deposit draft subject to counter-charge:* 52 S. W. 47; 118 Cal. 600.

*Mr. J. W. Vincent,* contra, cites: *Collecting bank is agent of receiving bank:* Century Dig. 606; Decennial Dig., sec. 171; Key Number Series Am. Dig., sec. 171; 3 Hill. 77. *Drawer relieved of liability by failure to give notice of protest:* Fed. Cas. 4810; 26 U. S. 25; 52 Miss. 677. *Solvency is presumed:* 44 How. Pr. 168; 44 S. C. 227.

September 18, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. On September 17, 1906, J. W. Sullivan, of Fairfax, S. C., for value received, made and delivered to plaintiff his draft for $200 on W. F. Cummings, of Hampton, S. C. Plaintiff endorsed the draft and deposited it with defendant, and the amount thereof was placed to his credit on his account with defendant. It was listed, with other items, on a blank form of deposit slip which was filled up and signed by plaintiff, and upon which, over plaintiff's signature, there was printed the following stipulation: "For value received, we the undersigned hereby agree in depositing the items listed below for collection or

credit with the Bank of Brunson, Brunson, S. C., that we will not hold the bank liable to us for said items until the cash for each has been paid to the Bank of Brunson, Brunson, S. C."

Defendant promptly forwarded the draft to the Bank of Charleston, its regular correspondent, for the collection of items payable outside of Brunson. In due course of business, defendant should have received a report from its correspondent in about three days, but nothing was heard from the draft, until about the first of April, 1907,—over six months after it was deposited,—when defendant received information from the Bank of Charleston that it had been dishonored and protested, and that the draft, with notice of protest, had been mailed to defendant. The evidence fails to show when it was presented for payment, who protested, or when it was deposited in the mail. In fact, there is no competent evidence that any of the steps were taken, which are necessary to fix the liability of the endorser; and the burden of proving that such steps were taken rested upon defendant. 2 Dan. Neg. Inst., sec. 1050. It appears, however, that defendant never received the draft, with the notice of protest, from the Bank of Charleston, and it is supposed that it was lost in the mail. On receiving the information above stated, in April, 1907, defendant notified plaintiff of the dishonor, protest and loss of the draft, and charged his account with the amount thereof, and the protest fee.

Plaintiff brought this action to recover the amount so charged to him, alleging that he had been damaged to the extent of that amount by defendant's negligence, in failing to give him notice, within a reasonable time, of the dishonor of the draft.

Trial by jury was waived, and the issues were referred to a referee, who concluded that defendant was not liable to plaintiff, holding that, under the stipulation contained in the deposit slip, the credit given plaintiff for the amount of the

draft was not absolute, but contingent upon its being collected by the exercise of due care and diligence by defendant, and subject to counterchange, if it proved uncollectible; that when a bank receives paper for collection at a distant point, it must, according to the known usage and custom of the business, make the collection by means of the agency of others, and that, if due care is exercised in the selection of suitable agents, the bank receiving such paper is not liable to its customer for their default or neglect, because the agents so selected are the agents of the customer, and not of the bank; that, in such case, the bank is liable only for its own neglect or default. The referee found that defendant was not guilty of any negligence, having promptly forwarded the draft to a suitable agent for collection, according to its own and the usual custom of the business. He also held that the negligence alleged was not the cause of any injury to plaintiff, because he found that the drawer was insolvent, when the draft was made, and has been so ever since.

On exceptions the Circuit Court overruled the conclusion of the referee, holding that the agents selected by a bank for the collection of paper endorsed and deposited with it, under the circumstances stated, are the agents of the bank and not of its customer, and, therefore, that the bank is liable to its customer for their neglect or default. The Court also found that the defendant itself was guilty of negligence in failing to find out sooner from its correspondent whether the draft had been received and collected, and in failing sooner to notify plaintiff of its dishonor; also that plaintiff was injured by the delay in giving him the notice, because the drawer was solvent, when the draft was made, and if timely notice had been given plaintiff, he could have recovered the amount from him, but that he was insolvent when the notice was given. Accordingly, judgment was given against defendant.

It is scarcely necessary to say that, as this is an action at law and the findings of the Circuit Court are not wholly unsupported by evidence, they are not reviewable by this Court.

The principal question of law involved was settled against appellant, and in accord with the decision of the Circuit Court, in *Bank* v. *Cooper,* 91 S. C. 91, where the Court said: "In 1884, the Supreme Court of the United States adopted the English rule, that a bank receiving a draft or bill of exchange for collection, is liable for neglect of duty occurring in its collection, whether arising from the default of its own officers, or from that of its correspondent, or an agent employed by such correspondent, in the absence of any express or implied contract varying such liability. *Exchange Nat. Bank* v. *Third Nat. Bank,* 112 U. S. 276, 28 L. Ed. 722. \* \* \* We adopt this rule as the just one, because it is in accord with the common understanding of bank and customer in their dealings. In depositing his paper the customer ordinarily surrenders all control of it, and has nothing to do with the means taken by the bank to collect. On the other hand, the bank undertakes the collection for its own profit, takes its own methods, and selects its own agents. It seems, therefore, illogical to regard the collecting bank or any of the intermediate banks as agents of the depositor, or to put upon him loss due to their default."

Whatever else may be the legal effect of the stipulation printed on the deposit slip, it does not purport to exempt the bank from liability for its negligence, or that of its agents; and it should not have that effect; nor can it be construed as a waiver of the rights of a depositor of commercial paper, under the law merchant, with regard to presentment, demand and notice of dishonor. It does, however, afford evidence of an agreement that the paper so deposited was not absolutely sold to the bank, and that the credit given a customer on the deposit of such an item is not absolute, but

contingent upon its collection; and, therefore, if it proves to be uncollectible, notwithstanding the exercise of due and ordinary care and diligence on the part of the bank, such credit is subject to a countercharge, and the bank shall not be held liable for the failure to collect.

Under the facts found against appellant by the Circuit Court, judgment for plaintiff was inevitable.

Affirmed.

*Only* MESSRS. CHIEF JUSTICE GARY *and* JUSTICES WOODS *and* HYDRICK *sat in this case.*