His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
This is a damage suit against defendant for failure to realize on a check deposited with it for collection.
The plaintiff .alleges that on August 14, 1913', the Cudahy Packing Company, one of the plaintiffs herein, deposited with the other plaintiff, the Merchants’ Bank, for collection, seven checks drawn by divers parties on the Feliciana Bank in St. Francisville in the Parish of West Feliciana, to the order of the Cudahy Packing Company amounting to the sum of $351.44; and that on March 19th, 1913, the same Packing Company again deposited with plaintiff .bank another check of $36.13 drawn on the same bank to the order of the same Packing Company.
That the plaintiff bank immediately forwarded said checks by mail, for collection, as was their custom, to the defendant, the Whitney Central National Bank; that the Whitney Bank forwarded said checks for collection to *42 the Feliciana Bank, the drawers, the first seven on August 15, and the last on August 20, 1913; that said checits weie received by the Feliciana Bank on the day succeeding that on which they had been forwarded; that when said check reached the Feliciana Bank, the drawers thereof had to their credit on the books of said bank amounts sufficient to pay said checks, and that said bank charged the amount of said checks to the account of the several drawers thereof, and stamped each of said checks “paid,” the first seven under date of August 18th .and the last on August 22nd, 1913; that the Whitney Lank refuses to pay the amount of said eight checks to your petitioners for the reason, as it avers, that the Feliciana Bank never remitted to it the amount of said checks, but that, on the contrary, it suspended payments on August 27th, 1913; that as a fact, the Feliciana Bank did on August 18th and 22nd draw two drafts in favor of the Whitney Bank upon said bank for amounts in excess of said checks, which included said eight checks, but that said Feliciana Bank did not forward said drafts, but retained them until its suspension, when they were found by the Bank Examiner who sent them to the Whitney Bank; that the latter bank caused said drafts to be protested for want of sufficient funds; that the plaintiff herein for the first time, on August 27th, 1913, were notified that said checks had not been paid; that the defendant company is liable to them'for the following reasons, viz:
1. That the Whitney Bank was guilty of negligence in sending these checks for collection to the Feliciana Bank, which was the drawee of the same;
2. That the Whitney Bank was guilty nf negligence in delaying an unreasonable time to notify plaintiffs of the *43 failure of the Feliciana Bank to make remittance for these eight checks; that if tne Whitney Bank had notified them in due time of the failure of the Feliciana Bank to remit, they would have had ample time, and could, •and would, through some other channel, have made demand for payment upon the bank while said bank was open for business and paying checks, up to and including August 26th, 1913, and that the failure of the defendant so to do was the cause of their loss;
3. That if the defendant bank had given them timely notice of the failure of-the Feliciana Bank to account for the first seven checks, they would not have accepted in payment the eight cheeks nor would they have sent it for collection, through the defendant bank;
4. That the defendant bank is responsible for the acts of the Feliciana Bank.
The defendant substantially admitted the correctness of all the allegations of fact, but denied the conclusions of law, and alleged that the Feliciana Bank was the only Bank in St. Francisville. It further pleaded that it undertook the collection of said checks under the following conditions, viz:
“All items not payable in New Orleans, received by this bank for collection or credit are taken at owner’s risk. This bank, as agent for owner, will forward such items to Banks out of this city, ánd assumes no responsibility for neglect, default, or failure of such banks * * * when instructions to the contrary are not given, items may be sent to the banks on which they are drawn. When so sent the above conditions are not waived or suspended.” -
The bank further alleged that it notified the Merchants’ National Bank upon the lapse of the usual in *44 terval observed in snob matters; that it sometimes happens that checks are remitted after a lapse of thirty days; that it is not the custom to give notice of the non-payment of items at an earlier interval than was done in this case.
There was judgment for plaintiffs and defendant has appealed.
I.
In order to reduce the issues in this case we will say that we do not consider that the defendant bank is responsible for .any act of omission , or commission of the h'eliciana Bank. The special conditions quoted herein-above under which the defendant assumed the collection of these checks would control the rights of the plaintiffs and relieve the defendant from responsibility.
112 U. S., 289; 22 Wendell, 215. 3 A. M. Enc. Law, p. 812.
These special conditions also protected the defendant bank in sending these checks “to the bank on which they were drawn.”
Besides, it was the only hank in the place. Martin vs. Hibernia Bank, 7 Ct. App., 387; 127 La., 302.
“Some States permit the paper to be sent to the drawee when there is no other bank in the place known by the owner and collection by a different method would be costly and inconvenient. These rules may be modified, of course, by instructions or agreement. ’ ’
5 Cyc., p. 506, D. 507.
*45 "We are also of the opinion that the bank incurred no liability by sending the last check to the Feliciana Bank on the 20th of August, nor for failing to notify the plaintiffs on that day that the Feliciana Bank had not remitted the amount of the first seven checks. The seven checks forwarded on Friday, August T5th, reached the bank on the morning of Saturday, August 16th; they reached the Feliciana Bank on Monday, August 18th. Although no returns were received by the defendant bank concerning these checks on Wednesday, August 20th, this short delay was not calculated to awaken apprehension. It was therefore clearly not negligence to have omitted to notify plaintiff or to have forwarded the last check. It was entitled to further delay to send out a tracer.
III.
Nor do we believe that the defendant is liable for the amount of the first seven checks. There is no evidence that it was made the duty of the Feliciana. Bank, by statute or custom, to make returns of collections immediately .after they were made, nor within any specified time. We are bound to assume that the testimony of Mr. Pyk, the vice-president of the defendant bank in charge of the collection department, establishes the reasonable time and diligence customary on such occasions, because ■there is no evidence to the contrary. He says “that it is the practice of the Whitney Bank to trace by means of a tracer, checks and items which have been forwarded for "collection after four days from the forwarding of such items, where Sunday does not intervene, and five days where Sunday does intervene, ’ ’ etc. This testimony *46 would indicate that the collecting bank is expected to make returns within four or five, “although,” as Mr. Pyk testifies, “such remittances are sometimes receivbd as late as thirty days after being forwarded. ’ ’
Although there is no absolute proof that a tracer was sent out, Mr. Pyk swears that “he has no reason to believe that this practice was departed from in this case.” If we assume that the tracer was sent out on the 20th the answer to it was due the 23rd. But the 23rd was a -Saturday, when the bank in New Orleans closes at 12 o’cloclr. The 24th was a Sunday. Mr. Pyk testifies that upon failure to receive a reply from the Feliciana Bank he called it up by phone on the 23rd and -again on the 25th and made demand upon the cashier for payment of all checks remitted to it for collection by the Whitney Bank, and was informed that the' remittance would be forwarded to the bank that evening. He had no right or cause to doubt the cashier’s word. He was thus lulled into security, and nothing suggested the necessity for different .action. On the 27th the bank failed and the cashier refused to return the checks.
There is no law or custom that fixes the time within which the Whitney Bank should have notified the plaintiff of the failure of the Feliciana Bank to remit. That time was a. reasonable time, varying .according to circumstances. The Whitney Bank was exerting itself to bring -about the remittance. It, had no reason to believe that the remittance would not be made or that there was danger in procrastination. On the contrary, it believed that time would bring about a remittance, as they were somtimes made after -a delay of thirty days, and at that .time the defendant bank was extending credit to the Feliciana Bank and honoring it’s check. There were no *47 clouds upon the financial sky, nor “panic” on the verge of sweeping the country, ’ ’ as was the case in some of the authorities quoted by plaintiffs. There was-nothing to stimulate the defendant to extraordinary diligence or unusual action.
The issue in this case must not be confused. This is not a case in which the defendant failed to present a check for payment within a reasonable time before the drawee failed, or where the check was dishonored and the defendant failed to notify the plaintiff, who lost his recourse.
Such was the case in the following authorities quoted by plaintiffs, viz:
Shipsel vs. Bowery Bank, 59 N. Y., 485; Second Nat. Bank vs. Merchants, 65 S. W., 4; Harter vs. Bank, 75 S. E., 696; First Nat. Bk. vs. First Nat. Bk., 4 Dillon, 290 Fed. Cases, 4810; Hobart Bk. vs. McMurrough, 103 Pac., 601.
In this case the checks were forwarded to the Feliciana Bank and were received by it in time and were charged to the drawers .and marked “paid. ” They were in fact and in law paid. It was so decided in the case of the Louisiana Bank vs. Young by the District Court of West Feliciana and by the Court of Appeal for that circuit in .an opinion which the Supreme Court of this State refused to review.
“When .a check is remitted to the drawee for collection * * * is charged to the drawer debtor’s account, his debt is discharged, and the sub-agent is responsible therefor — notwithstanding the subsequent failure of the sub-agent.”
5 Cyc., p. 503, B Vo. Banks & Banking.
*48 If defendant was not under any duty to notify plaintiffs any sooner than it did, then plaintiffs’ case collapses. But if it should have sent a notice earlier, plaintiffs must show that if they had received an earlier notice that they could have collected the money from the Feliciana Bank, and that defendant’s fault was the cause of their loss.
Plaintiffs’ argument is that if they had been notified sooner they would immediately have sent messengar to the Feliciana Bank to make demand for the payment of the checks. They could not have been notified before the 23rd, which was a Saturday. They could have taken no action until Monday, the 15th, or the 26th, as the bank was closed on the 27th. The very strong presumption is that the bank in failing circumstances would have answered that the checks had been paid, and the drawers thereof debited upon their books, and that they would remit to the Whitney Bank in due time, as they had already informed the bank. Nor is it likely that at that critical moment the Feliciana Bank would have given the plaintiffs its draft upon the Whitney Bank. The Feliciana Bank had. already, on August 18th and 22nd, drawn its two drafts upon the defendant bank to the order of said bank for amounts in excess of plaintiffs' claim; but the Feliciana. Bank did not remit those two drafts to the Whitney Bank but. held them back until after their suspension. The Feliciana Bank was fearful perhaps of making an illegal preference. Plaintiffs suggest other modes of recovery more or less problematical.
A plaintiff seeking to recover a money judgment from a defendant must show that he is entitled to it beyond a doubt; doubt is fatal to his claim. The stereotyped ex *49 pression is that plaintiff must make his claim certain; to make it probable is not sufficient.
15 A., 268; 1 H. D., Vo. Evidence, XIII, p. 524; L. D., p. 245.
In order to succeed, plaintiff must' establish the certainty of two propositions; 1st, that defendant was negligent in not notifying the plaintiffs within a reasonable time that the Feliciana Bank had not remitted the amount of the checks, and 2nd, that if defendant had given notice sooner, plaintiff would certainly have collected the amount of said checks. We are not satisfied that plaintiffs have established both or either of those propositions with that degree of certainty which the law requires.
But the plaintiffs contend that if they do not recover against the defendant they will be without remedy, because according to the Martin case, 117 La., 302, they have no cause of action against the Feliciana Bank. We do not think so. The Martin case was decided on the theory that Martin was not the principal of the Hibernia Bank as sub-agent; that Martin had not deposited his note for collection. But in this case it is admitted that the plaintiffs were the principals, that the defendant was the agent for collection only, and that the Feliciana Bank was the sub-agent. Under the circumstances we believe the Civil Code, Article 3009 would give the plaintiffs a right of action against the Feliciana Bank.
In 44 U. S., 762, Wilson vs. Smith, the ’Common Law was stated to be as follows:
“Whenever; by express agreement of the parties’ a sub-agent is to be employed by an agent to receive money for the principal; or when an authority to do so may fairly be implied from the usual course of *50 trade, or the nature of the transaction, the principal may treat the sub-agent as his agent, and when he has received the money, may recover it in an action for money had and received. ’ ’
Opinion and decree, November 8th, 1915.
Eehearing refused, December 6th, 1915.
Writ denied January 11th, 1916.
Morse on Banks, 2 Ed., p. 418, 429.
It is therefore ordered, adjudged and decreed that the judgment herein be annulled, avoided and reversed, and that there be judgment in favor of defendant, rejecting plaintiff’s demand at their cost in both Courts.