[No. 12821. Department Two. April 6, 1916.]

AMERICAN SAVINGS BANK & TRUST COMPANY, *Appellant,* v. PETER DENNIS, *Respondent.*[1]

BANKS AND BANKING—DEPOSITS — "FOR COLLECTION"—ACTIONS— CUSTOM AND USAGE—EVIDENCE—ADMISSIBILITY. In an action upon a check, upon an issue as to whether it was taken for deposit or only for collection as agent of the customer, the bank is not entitled to show its custom or rule in dealing with other customers in such cases, where the customer in question was not aware of any such custom or rule of the bank.

EVIDENCE—CONCLUSION OF WITNESS. In an action upon a check, whether the teller took the check governed by the printed statement at the foot of the deposit slip cannot be shown by the statement of the teller, as it would be merely his conclusion, where nothing was said beyond the mere passing of the time of day.

BANKS AND BANKING—DEPOSITS—"FOR COLLECTION"—ACTIONS— EVIDENCE. A printed declaration at the foot of a deposit slip that the bank takes the check for collection and only as agent of the customer is some evidence of that fact, although credit was given and the customer was allowed to check against the deposit.

SAME—DEPOSITS FOR COLLECTION—CHECKS—TITLE. Where a check is deposited with the understanding that, if the bank fails to col-

[1]Reported in 156 Pac. 559.

lect it, the amount is to be charged back, the check remains the property of the depositor, and allowing him to check against it is a mere gratuitous privilege.

Appeal from a judgment of the superior court for King county, Claypool, J., entered October 21, 1914, dismissing an action on contract, upon granting a nonsuit. Affirmed.

*Farrell, Kane & Stratton,* for appellant.

*J. L. Corrigan,* for respondent.

MAIN, J.—This is an action to recover upon a check. The facts are briefly these: On August 14, 1913, one Peter Dennis drew his check on the Farmers and Merchants' Bank of Edison, Washington, for the sum of $750, payable to the order of P. H. Casey; and on the same date, the check was delivered to Casey. On the following day, Casey, who was then, and for some time prior thereto had been, a customer of the American Savings Bank & Trust Company, deposited the check in that bank. In making the deposit, he filled out the usual deposit slip, indorsed the check in blank, and presented the check and the deposit slip to one of the bank tellers. Thereupon the teller entered in Casey's pass book the amount of the check; and upon the books of the bank he was given credit for the sum as cash. No conversation took place between the teller and Casey other than the mere passing of the time of day.

On the face of the deposit slip, there was this printed provision:

"This bank in receiving checks or drafts on deposit or for collection acts only as your agent, and beyond carefulness in selecting agents at other points and in forwarding to them, assumes no responsibility. In making this deposit the depositor hereby assents to the above conditions."

There were other conditions which are not here material.

On the same day that the check was deposited, it was forwarded by mail to the Farmers and Merchants' Bank of Edison. On August 22, 1913, the Farmers & Merchants' Bank

reported to the American Savings Bank & Trust Company that payment of the check had been stopped.

After Casey had deposited the check, and prior to the time when the American Savings Bank & Trust Company knew that payment had been stopped, Casey drew checks against his account, which were paid, to the amount of $664.70. Upon the return of the check by the bank at Edison, demand was made upon Casey to make good the amount which he had drawn against the credit of this check; but he did not comply with this demand. Thereafter this action was instituted against Casey, and also against Dennis, the drawer of the check. In due time, the cause came on for trial before the court and a jury, judgment in the meantime having been taken against Casey by default. At the conclusion of the plaintiff's evidence, Dennis moved for a nonsuit. This motion was granted and a judgment was entered dismissing the action as to him. From this judgment, the plaintiff appeals.

The assignments of error are all based on the rulings of the trial court in rejecting certain offered testimony. By these offers, the appellant desired to prove: (a) The course of business with its depositors when checks were received drawn on other banks as to whether such checks were taken by the bank as agent or "ordinarily put the money to their credit as you did in this case and give them full credit for it." (b) That, according to the rule and practice of the bank, if the check in question had been taken for collection, "it would never have gone on the books to the credit of Mr. Casey at all, but it would have been received at the collection window, and Mr. Casey's account would not have shown this credit of $750 until the check came back from Edison with the report of the bank." And (c) to have the teller who received the check state whether he took the check "governed by the printed statement on the bottom of it (the deposit slip), or did you give him credit for the amount and permit him to draw against this account?"

The controlling question is whether the evidence offered was admissible. The bank claims that, when the check was received and the deposit made in the manner indicated, it became the owner of the check. Dennis claims that the bank received the check as agent for the purpose of collection.

As to the first and second offers, the appellant desired to prove its course of business with other customers, and the rule or practice of the bank when a check was received for collection only. There is no evidence, nor offered evidence, which would show that Casey, at the time he made the deposit, knew the method by which the bank dealt with its other customers, or its practice or rule relative to checks received for the purpose of collection only. In the absence of such knowledge, the practice of the bank in dealing with its other customers, or the rule of the bank when a check was received for collection only, could not well enter into and become an element of the contract that was made by Casey when he deposited the check. In other words, the practice or rule of the bank is not binding on the customer unless it is shown that such customer had knowledge thereof. 5 Cyc. 488; 1 Morse, Banks & Banking (4th ed.), p. 31; 1 Michie, Banks & Banking, p. 651.

By the third offer, it was desired to prove by the teller who received the check whether he took it governed by the printed statement on the bottom of the deposit slip. Whatever answer the teller would have given to this question would have been merely his conclusion, and therefore the objection thereto was properly sustained. The court ruled that everything that was said and done between the teller and Casey at the time of making the deposit could be shown. But as already stated, there was no conversation between them other than the mere passing of the time of day, after which the deposit slip and check were received by the teller and the amount entered upon Casey's pass book, and credit given to him upon the books of the bank. The printed declaration on the deposit slip to the effect that the bank in receiving checks acted

only as agent was some evidence of an understanding that it was the intention of the parties that the bank should take the check as agent, and not as owner. If the position of the parties were reversed, and the bank were relying upon the deposit slip to show that it received the check as agent only, Casey, in the absence of any other evidence bearing on the question, could not reasonably contend that it was received in any other capacity.

Whatever the rule may be in other jurisdictions—and there is some conflict in the authorities—it seems to be reasonably well settled in this state that, where a check is received and deposited as in this case, and the depositor checks against it with the understanding that, if the bank fails to collect the check, the amount is to be charged back, the check remains the property of the depositor, and title thereto does not pass to the bank. The allowing a depositor to check against such paper is a mere gratuitous privilege. *Washington Brick, Lime & Mfg. Co. v. Traders Nat. Bank*, 46 Wash. 23, 89 Pac. 157, 123 Am. St. 912; *Morris-Miller Co. v. Von Pressentin*, 63 Wash. 74, 114 Pac. 912; *Belsheim v. First Nat. Bank of White Salmon*, 77 Wash. 552, 137 Pac. 1055; 2 Morse, Banks & Banking (4th ed.), § 586.

The judgment will be affirmed.

MORRIS, C. J., HOLCOMB, PARKER, and FULLERTON, JJ., concur.