### FENSKY v. CAMPBELL et al.

(Circuit Court of Appeals, Eighth Circuit. May 7, 1923.)

#### No. 6082.

Courts ⬦367—State court's decision as to property rights followed in federal courts.

In action against widow and sureties of deceased administrator of an intestate estate in Kansas, the claim to relief being based on contention that intestate's contracts to sell lots owned by him on the installment plan converted his interest in them into personalty, and that the contracts should have been inventoried and administered as part of his personal estate, which the administrator failed to do, the decision of the Supreme Court of Kansas, in a case involving the same contracts, that the contracts did not work an equitable conversion of intestate's interest in the lots into personalty, will be followed by the federal court as declaring a rule of property.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Suit by Charles F. Fensky against Donald A. Campbell, executor, and others. Decree for defendants, and plaintiff appeals. Affirmed.

J. S. Ensminger, of Topeka, Kan., for appellant.

Z. T. Hazen, J. B. Larimer and Donald A. Campbell, all of Topeka, Kan., for appellees.

Before LEWIS, Circuit Judge, and BOOTH and JOHNSON, District Judges.

LEWIS, Circuit Judge. The appellant brought this suit against Louise A. Campbell, widow and sole legatee of M. T. Campbell, deceased, who had been administrator of the estate of Ferdinand Fensky in Kansas, E. C. Arnold, who signed Campbell's bond as administrator, as one of the sureties, and the three executors of the estate of Thomas Page, Campbell's other surety.

Ferdinand Fensky died intestate in August, 1903, while a resident and citizen of California, leaving property, both real and personal, in California and in Kansas. He had moved to California from Kansas. Under the law of his last domicile, one-half of his personal estate passed to his widow, and the other half to his brothers, sisters and a nephew,—subject, of course, to the rights of creditors and ex-

penses of administration. The real property situate in Kansas all
vested in his widow on his death. Administration on his estate was
had in both states. Campbell, as administrator, settled the estate in
Kansas and was discharged by the Probate Court of Shawnee County
which appointed him, before the institution of this suit. Shortly there-
after Campbell died, and his estate was administered on and closed
before the institution of this suit.

The relief prayed for in appellant's complaint is a cancellation of a
settlement which complainant's father, now deceased, who was a
brother of Ferdinand Fensky, made with the widow of Ferdinand
Fensky, by which complainant's father, in consideration of $1,000,
released to the widow all interest which he had in his brother's
estate, which settlement, it is alleged, was fraudulently obtained; to
vacate the final settlement made by M. T. Campbell, as administrator
of Ferdinand Fensky's estate in the Probate Court of Shawnee County,
Kansas, and its order discharging and releasing him and the sureties
on his bond; to obtain an accounting of the amount of the personal
estate of Ferdinand Fensky in Kansas, to which complainant, as heir
of his father and as heir of a deceased cousin, claims to be entitled to
receive of that personal estate, and to obtain judgment therefor against
defendants.

The ground of claimed liability set up in the complaint is this:
Ferdinand Fensky, at the time of his death, owned a large number
of lots in Fensky's Addition to the City of Topeka, which he had there-
tofore contracted to sell to divers persons on small payments to be
made by them at stated times, until the full consideration should be
paid. It is alleged that the interest of Ferdinand in those lots, as
shown by his several contracts, which were all alike (one being at-
tached to the complaint as part of it), was personal property of the ag-
gregate value of many thousand dollars, and that the interest of his
estate so shown by the contracts should have been inventoried and dis-
posed of in administration by M. T. Campbell as personal property of
the estate of Ferdinand Fensky, but that Campbell, in violation of his
duty as administrator, entered into a conspiracy with the widow of
Ferdinand, Jeanette Fensky, to defraud complainant and the other
collateral heirs out of their interest in those contracts, and for the pur-
pose of accomplishing their fraudulent designs and converting all of
the interest of the estate in the lots and contracts of sale to the widow,
said Campbell designedly failed to inventory said interests as personal
property, and thereupon set about to purchase for the widow the shares
of the brothers, sisters and nephew in the estate, and by misrepre-
sentations as to the assets of said estate induced each of the brothers,
sisters and nephew, for a consideration paid to each of them, to sell
to said widow their several interests, and to execute to her, and they
did execute to her, a release thereof.

The appellant alleges that on the death of his father, who was fraud-
ulently induced to make settlement with the widow, he became entitled
by inheritance through his father and a deceased cousin, to a one-
fourteenth interest in the personal estate of his deceased uncle, Fer-
dinand.

The right to relief is bottomed on the claim that Ferdinand's contracts to sell the lots converted his interest in them into personalty, and that the contracts should have been inventoried and administered as a part of the personal estate; that Campbell, administrator, and the widow, in carrying out their fraudulent purpose, treated the interests of the estate as real property, induced all those who had contracted to purchase to surrender their contracts to the widow, take deeds from the widow to their respective lots, and give back to her mortgages representing the unpaid amount on each contract, and that thus, assuming the settlement made with complainant's father as being fraudulently procured and voidable, appellant has been defrauded out of his one-fourteenth interest in the unpaid purchase price of all the lots.

It is alleged that Charles Fensky, appellant's father, died without ever having discovered any of the alleged frauds perpetrated upon him in the settlement which he made with the widow, and that appellant remained in ignorance thereof until July, 1915, when his attention was first called thereto; that he did not obtain full knowledge of the facts until the month of March, 1918, following the trial of the case of Pickens v. Campbell, in the District Court of Shawnee County, Kansas; that he had begun an action in said District Court in May, 1917, against the administrator of the estate of M. T. Campbell, deceased, and against Arnold and Page, the sureties on the bond of M. T. Campbell, which action involved the same matters that are here involved, and in which he there prayed for the same relief as in this action, and that action was dismissed without prejudice in October, 1919. Appellant instituted this action in the court below in September, 1920.

This appeal is from an order and judgment sustaining a demurrer to the complaint and dismissal of the suit.

Administration in Kansas was ancillary. Campbell's duty was to collect and transmit personal assets in that state to the administratrix in California for final distribution there. He had nothing to do with Kansas real estate in his official capacity. Title to it passed to the widow under the laws of Kansas on her husband's death. The gravamen of the charge against Campbell's conduct is that he did not inventory and treat the sale contracts as personalty, but aided the widow in converting them to her sole and exclusive benefit under the false pretense that the interest of her deceased husband in the lots and contracts was real estate. Hence, we give consideration only to the claim that the contracts to sell the Topeka lots were a part of the personal assets of Ferdinand Fensky's estate. If they were not, the complaint fails to state ground for relief.

The case of Pickens v. Campbell, referred to in the complaint as having been tried in the District Court for Shawnee County, Kansas, went to the Supreme Court of that state. Louisa Pickens, who brought that suit, was a sister of Ferdinand Fensky, deceased, and she raised there the identical question presented by appellant here; she sought the same relief as an heir that appellant seeks; she made the same charge as to fraudulent conduct and the same claim as to the contracts to

sell the lots that are made by appellant in his complaint. She claimed that the contracts were a part of the personal estate and should have been so inventoried and treated by Campbell.

The Supreme Court in that case (Pickens v. Campbell, 104 Kan. 425, 179 Pac. 343) held that the contracts did not work an equitable conversion of the husband's interest in the lots into personalty. The conclusion was reached because the contracts provided for forfeiture in event the purchaser should be in default in making payments, that all payments that had been made should be retained by Fensky as liquidated damages, and he thereupon have the right to re-enter and take possession. Its conclusion was that the lots were properly scheduled by Campbell as real estate, that the contracts to sell them were not personal property and that Campbell acted rightly in not listing them as a part of the personal estate. It affirmed a decree in his favor.

The contention of appellant here is that we are not bound by that holding, and that this Court must exercise its independent judgment and determine whether the sale contracts should have been inventoried and administered upon as personal estate.

But we have no doubt that the Supreme Court in that case declared a rule of property for that state which we should follow as controlling on us in this case. That court said its construction of the sale contracts and the rule of property and official conduct resulting therefrom, had been established in that state for many years, and cited its prior opinions in support. We must therefore decline the invitation to make an independent investigation as to whether the rule so established, is in accord with the greater weight of authority, on similar facts. It would be a vain and useless task. Kuhn v. Coal Co., 215 U. S. 349, 30 Sup. Ct. 140, 54 L. Ed. 228; Savings Bank v. Reid, 123 Fed. 221, 59 C. C. A. 225.

Jeanette Fensky, the widow, was appointed administratrix of her deceased husband's estate in California. She died testate. Letters of administration c. t. a. were issued to one Merriam. Louisa Pickens and one of her sisters brought the same kind of a suit in the United States District Court for the Southern District of California that she had brought in the District Court for Shawnee County, Kansas. She there sued Merriam and made the same charges that are made here by appellant as to the real estate contracts. The District Court in that case found against the complainants, and they appealed. The opinion of the Court of Appeals for the Ninth Circuit is found in Pickens v. Merriam (C. C. A.) 274 Fed. 1. It was held that the opinion of the Supreme Court of Kansas in Pickens v. Campbell established a rule of property and action in that state as to the sale contracts and proceedings in administration in relation thereto, that the rule so established as to property in Kansas was binding on the Federal courts, and must be followed by them; and it pointed out the unavoidable hazards if the Federal courts refused to accept the local rule,—if the administrator should follow the rule established by state authority he would be liable to nonresident heirs in the Federal court if a contrary rule should be there set up, and if he followed the rule so established by Federal authority he would be liable in the state court to all heirs.

Campbell, as administrator, had no lawful right to deal with the contracts as personal property. If he had done so he would have been liable to the widow. The charges of fraud against him are meaningless. They are false characterizations of acts and conduct exacted of him by the law.

Affirmed.