12327

RYAN v. COLUMBIA NATIONAL BANK

(140 S. E., 593)

1. BANKS AND BANKING—RECEIPT OF DEPOSITOR'S GENERAL DEPOSIT ACCOUNT IS SUFFICIENT CONSIDERATION FOR BANK'S UNDERTAKING TO COLLECT CHECKS DRAWN ON OUT OF TOWN BANKS.—That bank receives general deposit account of depositor is sufficient consideration for its undertaking to collect checks presented by customer and drawn on out of town banks.

2. BANKS AND BANKING—IT IS NOT UNREASONABLE FOR BANK TO STIPULATE THAT COLLECTION OF CUSTOMER'S CHECKS BE AT HIS RISK, WHERE SUCH LIMITATION HAS BECOME MATTER OF CONVENTION BETWEEN BANK AND DEPOSITOR.—It is not unreasonable precaution for bank collecting for depositor check drawn on out of town bank to limit its undertaking by stipulation that collection is at depositor's risk, provided that such limitation has become matter of convention between bank and depositor.

3. BANKS AND BANKING—IN ABSENCE OF CONTRACT, BANK IS LIABLE FOR NEGLECT OF DUTY IN COLLECTION OF DRAFT.—Bank receiving

draft for collection is liable for neglect of duty occurring in its collection, whether arising from default of its own officers or from that of correspondent, in absence of any express or implied contract varying such liability, since it is presumed to act as depositor's agent and to be responsible for injurious act of subagent, the collecting bank.

4. Banks and Banking—Under Prior Law, Bank Receiving Draft for Collection Could Not Accept Anything but Money from Collecting Bank (Act 1927 [35 St. at Large, p. 369]).—Before Act 1927 (35 St. at Large, p. 369), bank receiving draft for collection was not authorized to accept check of collecting bank in remittance or to accept anything but money.

5. Banks and Banking—Where Bank and Depositor Agree That Drafts Shall be Collected at Depositor's Risk, They Are Bound by Such Agreement.—Where bank and depositor have agreed to stipulation that drafts received by bank for collection will be received and collected only at depositor's risk, such parties are bound thereby.

6. Banks and Banking—Stipulation on Deposit Slip That Drafts Were Collected at Depositor's Risk Does not Show as Matter of Law That Depositor Agreed Thereto.—Evidence that bank had printed on deposit slip stipulation that collection of drafts was at depositor's risk *held* insufficient to show as matter of law that such agreement was entered into with depositor, and question of implied assent to stipulation was for jury, since it is presumed that depositor acted under established law, making bank liable for neglect of duty.

Before Whaley, J., Richland, January, 1926.    Affirmed.

Action by Gerald D. Ryan, doing business as the Ryan Engineering Company, against the Columbia National Bank. Judgment for plaintiff, and defendant appeals.

*Messrs. Elliott & McLain,* for appellant, cite: *Liability of banks for defaults of their correspondents:* 24 So., 389; 112 U. S., 276; 74 S. E., 366; 52 L. R. A. (N. S.), 608; 92 S. C., 440; 105 S. C., 161; 1 Bail., 597; 128 S. E., 861.

*Mr. Wingate Waring,* for respondent, cites: *Whether a fact may be regarded as established or disputed:* 26 R. C. L., 1069; 125 S. E., 920; 93, S. C., 71. *Liability of bank accepting items to be collected:* 133 S. E., 912; 70 L. Ed.,

620; 59 N. W., 987; 101 S. C., 510. *Cases distinguished:* 128 S. E., 861. *Relation of debtor and creditor between defendant and plaintiff arose when check was paid by drawee bank:* 134 S. E., 510. *Acceptance of draft in payment of check rendered defendant liable:* 68 L. Ed., 620; 7 Wall., 447; 19 L. Ed., 207, 210.

December 5, 1927.

The opinion of the Court was delivered by Mr. Justice Cothran.

This action grows out of the following undisputed facts: On April 16, 1925, the town of Denmark, by its clerk of council, remitted to the plaintiff, Ryan, a check for $750, upon the Citizens' Exchange Bank of Denmark, in payment of certain work which the plaintiff had done for the town. On April 17th, the plaintiff, who had for several years been a depositor in the defendant bank, the Columbia National Bank, deposited the check, indorsed in blank by him, with the Columbia National Bank, the amount of which was immediately passed to the credit of his deposit account. The deposit was made by means of the bank's regular deposit slip, upon which was printed in small type, at the foot of the slip, the following:

"Items payable out of town, whether credited upon receipt or not, are received and collected only at risk of the depositor. We are not responsible for losses in the mail and do not guarantee the banks to which we send such items, and in collecting them this bank acts only as your agent, and the responsibility for such must remain with the depositor until this bank has received final actual payment of check sent us in return for same."

The defendant bank promptly transmitted the check "for collection and remittance" (as stated in the "case") to the Bank of Denmark, a different bank from the drawee bank, doing business at Denmark. (For convenience we will refer to the Columbia National Bank as "the depository bank,"

the Citizens' Exchange Bank, as "the drawee bank," and the Bank of Denmark, as "the collecting bank.") The collecting bank received the check in due course, presented it to the drawee bank, received the cash for it, and, in remitting the proceeds to the depository bank, used its own check or draft upon the Murchison National Bank of Wilmington, N. C. The depository bank then forwarded the check or draft of the collecting bank on the Murchison Bank for collection, but before the collection could be made the collecting bank failed, and its check or draft was dishonored by the Murchison Bank. The depository bank then on April 22d charged back the amount of the check which it had received April 17th on deposit by the plaintiff's account:

The plaintiff's complaint contains two separately stated causes of action: (1) Substantially in effect that the depository bank had received the amount of the check through its agent, the collecting bank, and had no right to charge the amount of it back to the plaintiff's account, in other words that the collecting bank was the agent of the depository bank, which latter bank should respond to the plaintiff for the failure of the collecting bank to make proper returns of the collection admittedly made by it; (2) That the loss was the result of the negligence of the depository bank in the selection of a collecting agent, which was at the time heavily indebted to the depository bank, and that the depository bank, familiar with the affairs of the collecting bank, knew or should have known that it was an unsafe agency to intrust with the collection of the check.

At the close of the testimony, the defendant moved for a directed verdict as to the plaintiff's *first cause of action,* upon the ground, substantially, that under the stipulation or notice contained in the deposit slip the depository bank was relieved of all responsibility under the circumstances, in the absence of an allegation of negligence in the selection of the collecting bank as the agency of collection. The motion

was refused, and, the case having been submitted to the jury, a verdict for the plaintiff for the full amount claimed was returned. From the judgment entered upon this verdict, the defendant has appealed, upon the sole ground of error in refusing the motion for a directed verdict *as to the first cause of action.*

The main question in the appeal is whether the depositor was bound by the printed notice upon the deposit slip, the effect of which is that the depository bank received the item "payable out of town," whether passed to the credit of the depositor or not, for collection, "only at the risk of the depositor"; that it did not become liable for the loss of the item in the mails; that it did not guarantee the bank to which the item might be forwarded for collection; that in collecting; the depository bank acted only as the agent of the depositor; that all responsibility for its action remained upon the depositor until the depository bank *"received final actual payment of check sent us in return for same."*

This stipulation is as strong as apparently it could be drawn to establish the relation between the depositor and the depository bank as that of principal and agent, and not of indorser and indorsee, 'seller and purchaser, and to relieve the depository bank of all possible responsibility for loss not due to its own negligence. Viewing the transaction as largely a matter of convenience to the depositor, in which the bank ordinarly receives no compensation beyond the general deposit account of the depositor, which, however, is a sufficient consideration for the undertaking of the bank, it does not appear to be an unreasonable precaution for the bank to take, limiting its undertaking by such a stipulation, *provided that it has become a matter of convention between the bank and the depositor.*

The rule known as the United States or New York rule, as distinguished from the Massachusetts rule, has been adopted by this Court, and has been thus

expressed in the case of *Bank v. Cooper*, 91 S. C., 91; 74 S. E., 366:

"On the other hand, in 1884, the Supreme Court of the United States adopted the English rule, that a bank receiving a draft or bill of exchange for collection, is liable for neglect of duty occurring in its collection, whether arising from the default of its own officers, or from that of its correspondent * * * *in the absence of any express or implied contract varying such liability.*" (Italics added.)

A necessary inference from this declaration of the law is that the Massachusetts rule, the antipode of the New York, federal, and South Carolina rule, may be incorporated into the contract of deposit *by expression or implication.* There 'is no evidence in the case tending to establish an *express* assent of the plaintiff to the stipulation printed on the deposit slip, and the question is, Does the stipulation alone conclusively establish his *implied* assent?

The law, independent of the stipulation, is against the bank. It is presumed to have acted as the agent of the depositor, and to have become responsible for the injurious acts of its subagent, the collecting bank. The effect of the stipulation, if assented to by the depositor, completely reverses the established law; it makes the depository bank simply a forwarder of the check for collection to the collecting bank, as the agent of the depositor, and relieves the depository bank of all responsibility in connection with the collection or its remittance.

The stipulation not only incorporates the Massachusetts rule into the contract of deposit, but it authorizes the depository bank to accept the check of the collecting bank in remittance of the collection, when under ordinary conditions it is not authorized to accept anything but money. *Federal Reserve Bank of Richmond v. Malloy,* 264 U. S., 160; 44 S. Ct., 296; 68 L. Ed., 617; 31 A. L. R., 1261. (Changed by the Act of 1927, 35 Stat., 369.)

There can be no question as to the correctness of the principle that, if the parties have agreed to the stipulation altering the prevailing rule, they will be bound thereby. *Capital Co. v. Bank* (D. C.), 3 F. (2d), 614. *First Nat. Bank of Denver v. Bank* (C. C. A.), 6 F. (2d), 339. *Federal Reserve Bank of Richmond v. Malloy,* 264 U. S., 160; 44 S. Ct., 296; 68 L. Ed., 617; 31 A. L. R., 1261.

The question is whether the evidence in the case presents such facts as would justify the Court in deciding, as a matter of law, that such an agreement was entered into, in order to sustain a motion for a directed verdict.

In *Los Angeles Co. v. Home Savings Bank,* 180 Cal., 601; 182 P., 293; 5 A. L. R., 1193, it is said:

"There is no reason, so far as we know, why a depositor may not make such an agreement if he deliberately chooses to do so, unreasonable as it is. But it is evident that * * * before such statement can be given effect as a contract binding upon the depositor and *changing in a substantial particular the relation which* presumably he thought he was entering into, it must appear affirmatively that he consented and agreed to it either by being required to sign it or by having his attention particularly called to it."

It must be assumed that, in the absence of express or implied assent to this vital change, the depositor acted under the established law upon the subject; and to charge him with implied assent, some circumstances beyond the mere presence of the stipulation on the deposit slip should be presented, as for instance, his knowledge that it was there, his continual use of the slip form, and his settlements with the bank in conformity with the stipulation and others.

As is said by the Court in *Harter v. Bank,* 92 S. C., 440; 75 S. E., 696, speaking of a somewhat similar stipulation:

"It does, however, *afford evidence* * * * that the paper so deposited was not absolutely sold to the bank," etc.

In *American Sav. Bank v. Dennis,* 90 Wash., 547; 156 P., 559, the Court said:

"The printed declaration on the deposit slip, to the effect that the bank in receiving checks acted only as agent, *was some evidence* of an understanding that it was the intention of the parties that the bank should take the check as agent, and not as owner."

If it should be considered as *some evidence,* it cannot be considered as conclusive evidence of the fact, the only ground upon which a directed verdict could have been justified.

In *Norman v. Railway Co.,* 65 S. C., 517; 44 S. E., 83; 95 Am. St. Rep., 809, it was held that a passenger who paid full fare for a general ticket is not bound by limitations printed thereon, unless his attention has been especially called to them and he has assented thereto. "The contract is in fact made when the ticket is purchased, and, if it is different from what the law would imply, it must be so stated and assented to when the ticket is delivered."

It would be a simple matter, as is frequently done by some banks, to obtain the express assent of the depositor to such a stipulation. If it does not do that, it takes the chance of establishing before a jury, the depositor's implied assent to a stipulation which reverses the incidents of the relation between the parties established by law.

We are of opinion that the existence of an implied assent to the stipulation was a question of fact, which was fairly submitted to the jury by his Honor, the trial Judge.

"I charge you this, in connection with the deposit slip, in the light of all the facts and circumstances of the case, whatever you believe those are, that, if the depositor or its agent knew of that condition on the deposit slip, then they are bound by it."

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

Mr. Chief Justice Watts and Messrs. Justices Blease, Stabler and Carter concur.