[No. 11284.   Department Two.   January 24, 1914.]

## A. G. BELSHEIM, *Appellant*, v. FIRST NATIONAL BANK OF WHITE SALMON, *Respondent*.[1]

BANKS AND BANKING—DEPOSITS—CHECKS FOR COLLECTION—CREDITS—CONSIDERATION. Where a bank received a check for collection, and made a credit thereon for accommodation only, there was no consideration for the credit, and the bank is entitled to charge off the credit, when the collection failed through no fault of the bank; and merely advising a customer that payment of the check could be stopped by wire does not charge the bank with the failure of the collection.

Appeal from a judgment of the superior court for Klickitat county, McKenney, J., entered December 30, 1912, upon findings in favor of the defendant, in an action on contract tried to the court. Affirmed.

[1]Reported in 137 Pac. 1055.

*N. B. Brooks* and *W. B. Presby*, for appellant.

*J. L. Sutherland*, for respondent.

MOUNT, J.—This action was brought by the plaintiff to recover the sum of $1,500, deposited to the checking account of the plaintiff in the defendant bank; and, also, to recover $500 damages by reason of the refusal of the defendant to honor the plaintiff's check against the deposit. The cause was tried to the court without a jury. Judgment was entered in favor of the defendant. The plaintiff has appealed.

On the trial of the case, the court found that a credit was given to the appellant on the books of the respondent bank in the sum of $1,500; that this credit was a provisional credit for the accommodation of the appellant; that no consideration was paid or received for such credit; that the credit was cancelled and charged off from the appellant's account; and that the appellant drew upon the credit after knowledge of the cancellation thereof.

There is no serious dispute about the facts in the case. They are, briefly, in substance as follows. The appellant and one Wheeler were real estate agents, doing business in different places. They were not partners. One Frank Moore had listed a tract of land for sale with these agents. The price of the land was $8,000. It was agreed that the agents should receive as their commission what they might obtain for the land above the $8,000.

Thereafter, Casper W. Hodgson, a resident of New York, agreed to purchase the property at the price of $10,000. The contract of sale was closed on August 8, 1911, and Mr. Hodgson drew his check on a bank in New York city, payable to the order of the respondent, in the sum of $3,-900, which was the balance of the cash payment to be made upon the purchase price. Thereafter, on August 23d, a deed and mortgage securing the balance due were deposited in escrow in the respondent bank, to be delivered upon pay-

ment of the check. The respondent bank received the check for collection only, and forwarded the same to New York for payment. Afterwards, on the same day, the appellant requested the bank to pass to his credit the sum of $1,500, and to the credit of Mr. Wheeler the sum of $450, being the amounts claimed as commissions upon the sale of the land. The appellant was then informed by the officers of the respondent bank that the proceeds of the Hodgdon check had not been received. The appellant then assured the officers that there would be no trouble about the collection of the check. Thereupon the bank passed to the credit of the appellant $1,500, and to the credit of Mr. Wheeler $450.

On the next day, Mr. Wheeler went to the respondent bank and stated that he was not satisfied with the division of the commission which the appellant had made, and asked the officers of the bank if the payment of the check could not be stopped. He was informed that it could be. Mr. Wheeler thereupon caused the payment of the check to be stopped, and the bank was notified by wire from New York of that fact. Mr. Wheeler also notified the bank that payment of the check had been refused. Thereupon the respondent bank cancelled the credits given on account of the check, and notified the appellant thereof. Afterwards, on October 13, 1911, the appellant drew his check upon the respondent bank for the sum of $1,500, and payment was refused. The Hodgson check was never paid, and no money passed through the bank on account of the transaction. On November 13, 1911, this action was brought by the appellant against the bank.

A mere statement of the facts shows clearly that the appellant was not entitled to recover. It is plain that the credit which was given by the bank to the appellant was for the accommodation of the appellant, and was entirely without consideration. This case is controlled by *Morris-Miller Co. v. Von Pressentin*, 63 Wash. 74, 114 Pac. 912. That was a case very similar to this one, and speaking to

the point in this case, we there said, quoting from 2 Morse, Banks & Banking (4th ed.), § 586:

"Checks deposited and credited as cash do not become the property of the bank, so that it takes the risk upon itself even though the depositor has been allowed to check against the deposit before the paper is collected, and the depositor can recover the check or other paper, if it is still in the possession of the depositor [depository]. When a depositor deposits a check *on another bank,* without any special contract, the property remains in him, and the bank is his agent until it has notice that the correspondent bank has received the money and credited it. If the deposit is made and credited to cover an overdraft, or is drawn upon, the bank can hold the paper until the account is squared, but the property is in the customer. It is said that indorsement of the check to the bank, and credit on the books of the bank and on the pass-book, are evidence of a contract by which the bank shall become owner of the paper; but (1) banks always claim and *exercise the right of charging to the depositor all such checks returned unpaid, which is not consistent with the theory of an understanding that title passes absolutely.* (2) The practice of allowing depositors to check against such paper is reckoned by the ablest text-writers as a mere gratuitous privilege."

And further on in the same opinion, quoting from *Jefferson County Sav. Bank v. Hendrix,* 147 Ala. 670, 39 South. 295, 1 L. R. A. (N. S.) 246, 250, it was said:

"A bank which receives a check for collection and enters the face value of it as a deposit credit to its owner, becomes the agent of the owner to collect it. If the collection is made, the relation of depositor and banker is consummated. If the collection is not made, the bank's right to charge off the deposit arises."

This is clearly the law of the question, and is conclusive of this case. The evidence is clear to the effect that the respondent bank credited the appellant's account with the sum of $1,500 as an accommodation to him merely before the collection had been made. The collection, through no fault of the bank, was never made.

It is urged by the appellant that the bank counseled Mr. Wheeler to stop payment. But the evidence shows that what the officers of the bank did was to advise Mr. Wheeler that if he desired to do so he could have the payment of the check stopped by wire. There was no collusion or fraud on the part of the bank. It was simply advising its customer as it had a right to do. It did not profit by the transaction in the slightest degree; it had no intention to do so.

The judgment of the lower court is clearly right under the facts and under the law, and is therefore affirmed.

CROW, C. J., PARKER, MORRIS, and FULLERTON, JJ., concur.