[No. 16977.   Department Two.   March 22, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v.
O. S. LARSON, *Appellant.*[1]

BANKS AND BANKING (4-1)—OFFICERS—CRIMINAL RESPONSIBILITY—
UNLAWFUL LOANS. The giving of a note by a bank officer for the
purpose of taking up an overdraft which he owed the bank, is not
the making of a loan to himself, within Laws 1917, p. 297, § 52 [Rem.
Comp. Stat., § 3259], and does not support a charge of the making
of a loan on the date the note was given.

Appeal from a judgment of the superior court for
Pierce county, Askren, J., entered June 14, 1921, upon
a trial and conviction of a violation of the banking laws.
Reversed.

*Tucker & Hyland* and *Hayden, Langhorne & Metz-
ger,* for appellant.

*J. W. Selden* and *J. A. Sorley,* for respondent.

MAIN, J.—The defendant was charged by indictment
with the crime of loaning money of a banking corpo-
ration, of which he was an officer, to himself, without
such loan first having been authorized by resolution of
the board of directors, as required by the statute.
Upon the trial, after the state had offered its evidence
and rested, the defendant moved for a directed verdict,
one of the grounds of the motion being in effect that
the evidence had failed to support the charge as alleged
in the indictment. This motion was overruled, and the
defendant thereupon rested and offered no testimony
in his behalf. Upon the record made by the state's
evidence, the cause was submitted to a jury and a ver-
dict of guilty returned.

From the judgment and sentence entered with ver-
dict, the defendant appeals. The charging part of the
indictment reads as follows:

[1]Reported in 205 Pac. 373.

"That the said O. S. Larson, in the county of Pierce and state of Washington, on or about the 27th day of June, 1919, then and there being an officer of the Scandinavian American Bank of Tacoma, a banking corporation duly organized and existing under and by virtue of the laws of the state of Washington, did then and there on behalf of such corporation unlawfully and feloniously loan to himself the sum of six thousand ($6,000) dollars, the money and property of said banking corporation, without a resolution authorizing the same and approved by a majority of the directors at a meeting at which said defendant was not present, having been first entered in the corporate minutes, contrary to the form of the statute, etc."

The evidence offered by the state tended to show that, on June 26, the appellant drew and signed a note, payable to the order of the Scandinavian-American Bank of Tacoma, of which he was an officer, for the sum of $6,000. On the face of the note appears this: "Pending adjustment of salary account board of directors." The note bore interest at the rate of six per cent per annum. This note, on the day following its date, or June 27, 1919, came into the hands of the note teller of the bank and was entered upon the books on that day. At the time the note was given, the defendant had an overdraft in the bank in the excess of $6,000. When it was given it operated to cancel the overdraft to the extent of $6,000. The appellant received no money on the note at the time it was given, or subsequently. A witness on behalf of the state who was a note holder of the bank, on cross examination, testified as follows:

"When this note was executed on June 27, 1919, Mr. Larson's account with the Scandinavian-American Bank was overdrawn a little in excess of $6,000. Q. So that when that note for $6,000 was executed that overdraft was reduced to that extent upon it? A. Yes."

The question is whether the defendant, by giving the note on June 27, was loaning money to himself as an officer of the bank without first having such loan authorized by resolution of the board of trustees, as the statute requires. Section 52 of ch. 80, p. 297, Laws of 1917 [Rem. Comp. Stat., § 3259], provides:

"No bank or trust company shall, nor shall any officer or employee thereof on behalf of such corporation, directly or indirectly, loan any sum of money to any director, officer or employee of such corporation, unless a resolution authorizing the same and approved by a majority of the directors, at a meeting at which no director, officer or employee to whom the loan is to be made shall be present, shall be entered in the corporate minutes. . . ."

By this statute, if the appellant, at the time he gave the note, loaned money to himself as an officer of the bank, directly or indirectly, he would come within the provisions of the statute. If, on the other hand, the loaning occurred when the overdraft was made, and the giving of the note was only the changing of the evidence of an indebtedness already existing and did not constitute a loaning, then the case should not have been submitted to the jury. The theory of the prosecution, as shown by the indictment, and also by the evidence which was offered in support thereof, was that the appellant was guilty under the statute of making the loan by giving of the note which was dated on June 26 and entered on the books of the bank on the following day. If the making of an overdraft by an officer of the bank is an offense under the section of the statute above quoted, the evidence fails to support the charge as laid in the indictment. As defined in 7 Corpus Juris, § 445, p. 712, "A loan by a bank, like any other loan, is the furnishing of anything, usually money in the case of a bank, on condition that the thing loaned or its equivalent in kind shall be re-

turned. . . ." An overdraft arises when a customer of a bank draws therefrom more money than is standing to his credit in his account with the bank. When the overdraft is made, the customer becomes indebted to the bank to the extent thereof, and upon such debt interest will accrue at the lawful rate. *Payne v. Freer,* 91 N. Y. 43, 43 Am. St. 640. In the syllabus in the case of the *United States v. Allis,* 73 Fed. 165, it is said:

"Every overdraft, whether made by previous arrangement or not, whether secured or not, and whether drawing interest or not, is a loan, and is required by the law and the rules prescribed by the comptroller to be listed and reported as an overdraft."

In the body of the opinion in that case, appears the same statement in the instructions which were given upon the trial and which were subsequently approved by the holding in the case without discussion. It seems clear that the appellant cannot be liable, under the statute above quoted, both for making the overdraft and for giving the note subsequently, which did nothing more than extinguish the overdraft to the extent of the amount for which the note was drawn. If the making of an overdraft by an officer of the bank without first having been authorized so to do by a resolution of the board of trustees is not making a loan, either directly or indirectly as the statute states, then an officer may overdraw his account with the bank with which he is connected and be immune from prosecution under the statute. If this view were taken, then the appellant would not have been guilty under this law of making an overdraft on the bank of which he was an officer, had he refrained from making the note which extinguished the greater portion of the overdraft. It follows from this that the trial court was in error in submitting the case to the jury.

The judgment will be reversed, and the cause remanded with direction to dismiss the proceeding.

PARKER, C. J., HOLCOMB, BRIDGES, and HOVEY, JJ., concur.