First National Bank of Lacon, Plaintiff-Appellee, v. Bauer Poultry Corporation, Defendant-Appellant.

## Gen. No. 10,540.

Opinion filed January 8, 1952. Released for publication January 28, 1952.

BERT L. LUSKIN, of Chicago, and BERRY & O'CONOR, of Streator, for appellant.

O. B. PACE, JR., and ROBERT A. BARNES, both of Lacon, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

This is an appeal by the defendant-appellant Bauer Poultry Corporation, from a judgment rendered by the circuit court of Marshall county, Illinois, in the amount of $3,002.85 and costs. The judgment was rendered in a case brought by the plaintiff bank, on a check drawn by the defendant, Bauer Poultry Corporation of Chicago, Illinois, payable to Frank Grampp & Son of Princeton, Illinois. The check was thereafter endorsed by Frank Grampp & Son and cashed at the plaintiff's bank. The defendant stopped payment on the check before it was presented to the drawee bank for payment. The principal defense interposed, is

that the check was obtained by Frank Grampp & Son by fraud on the defendant, and that it was thereafter paid and satisfied by Frank Grampp & Son to the bank.

The complaint filed on March 10, 1949, alleges that on February 11, 1949, at Chicago, Illinois, the defendant made and delivered to Frank Grampp & Son, a bank check in the sum of $3,000 drawn on the Exchange National Bank of Chicago, Illinois; that on February 14, 1949, Frank Grampp & Son endorsed the check at the First National Bank of Lacon, Illinois, and the plaintiff bank paid Grampp & Son the sum of $3,000 in currency therefor; that the plaintiff in the ordinary course of business presented the check for payment to the drawee bank on February 17, 1949, and that payment was refused because the defendant had stopped payment thereon; that the plaintiff is the owner and holder in due course of the check, and that no part has been paid, and the plaintiff prays judgment.

The defendant on April 1, 1949, filed its answer admitting the execution of the check, but denied any knowledge of the endorsement thereon, or that the plaintiff presented the check for payment in the ordinary course of business. The defendant admits that it stopped payment on the check, but denies that the plaintiff is a holder in due course. The defendant further alleges that the check was obtained from it by the fraud and deceit of Frank Grampp & Son by representing to the defendant that a shipment of merchandise valued at $3,000 was on the way to the defendant, and that Grampp & Son required immediate payment therefor; that the defendant issued a check in reliance upon this representation, but the same was false and untrue and no merchandise was being shipped by Grampp & Son to the defendant, and that the plaintiff bank at this time knew that Grampp & Son was in financial difficulty and perhaps insolvent, and that the plaintiff was acting as the agent of Frank Grampp

317

& Son for the purpose of collection and handling drafts and checks, etc., for clearance. On April 13, 1949, the plaintiff filed its reply denying the affirmative allegations in the answer.

On May 16, 1949, the defendant filed its motion to dismiss the action, or in the alternative to transfer the venue to the circuit court of Cook county, Illinois, on the grounds that it appeared in the pleadings that the transaction out of which this cause arose took place in Chicago, Cook county, Illinois, and no part of said transaction took place in Marshall county, Illinois; that the defendant was a private corporation organized under the laws of Illinois, and that there was no allegation in the complaint that it had its principal office, or was doing business at any place in Marshall county. This motion was denied by the court. By leave of court, the defendant filed an amended answer by adding two affirmative defenses, the first that of full payment and satisfaction of all of the indebtedness. The second, which is an alternative defense, sets up partial payment and partial satisfaction of the indebtedness.

The facts as appearing from the record are substantially as follows: This is an action on a bank check in the amount of $3,000 brought by plaintiff bank, as the holder thereof, against the defendant, as the drawer of the check. The plaintiff First National Bank of Lacon, is a banking corporation operating a bank in Lacon, Marshall county, Illinois. The defendant, Bauer Poultry Corporation, is a business corporation located in the city of Chicago, Illinois. Frank Grampp & Son, the payee of the check in question, was a partnership doing business at Princeton, Bureau county, Illinois.

On February 11, 1949, at Chicago, Illinois, the defendant issued and delivered its check for $3,000 drawn on the Exchange National Bank of Chicago, payable

to the order of Frank Grampp & Son for merchandise being purchased by the defendant from Grampp. Frank Grampp & Son obtained the check by representing to the defendant that the shipment of merchandise valued at $3,000 was on its way from Grampp & Son to the defendant. In reliance on this representation the defendant issued and delivered the $3,000 check involved in this suit. In fact no such merchandise was then being shipped and no such merchandise was ever received by the defendant. When the defendant did not receive the merchandise it stopped payment on the check.

On February 14, 1949, Frank Grampp & Son presented the check at the First National Bank of Lacon, endorsed it, and received from the bank the sum of $3,000 in currency. At the time the check was negotiated at the plaintiff bank, the bank had no knowledge of the fraud by which the check was obtained from the defendant. On February 14, 1949, the plaintiff bank endorsed the check and sent it to a Peoria bank from which it was sent to the Federal Reserve Bank of Chicago on February 17, 1949. The check reached the drawee bank at Chicago at which time payment was refused because the defendant, having discovered the fraud, had stopped payment on the check. The check was returned in the reverse order of endorsment to the plaintiff bank.

By February 19, 1949, it was apparent that Frank Grampp & Son was in serious financial difficulties. On that date the First National Bank of Lacon, Illinois, was the holder of bank checks, drafts, and orders either drawn by, or endorsed by, the firm of Frank Grampp & Son in the total amount of $13,543.62, with protest charges added thereto in the amount of $9.52 making a total amount including the protest charges of $13,553.14. One of the checks included in this total of

319

$13,553.14 was the $3,000 check drawn by the defendant on which this suit is brought.

On February 19, 1949, Grampp & Son was the owner and in possession of 13 motor trucks and 4 motor trailers. On that date, Grampp & Son signed in blank the certificates of title for each of said motor trucks and motor trailers and delivered said certificates, so signed, in blank to the plaintiff bank. At the time of delivering the certificates of title, a written agreement was made between Grampp & Son and the First National Bank of Lacon which agreement was signed by the bank by Gerry D. Scott, its President. The agreement recites that the bank is holding bank checks, drafts, and orders of the firm of Frank Grampp & Son in the total amount of $13,500 which are presently in default, and that the bank has no security for said bank checks, drafts, and orders. It further recites that Grampp & Son are the owners and in possession of 13 motor trucks and 4 motor trailers which it is willing to convey to the bank to secure the payment of the defaulted checks, drafts, and orders; that Grampp & Son has conveyed title, on the date of the agreement, to each of the motor trucks and trailers, describing each. The agreement then provided that it is understood and agreed between the parties that the First National Bank of Lacon agrees to hold the titles to the trucks and trailers for a period of 120 days without sale or transfer to any person unless the firm of Frank Grampp & Son is declared to be bankrupt, or a petition is filed to declare them bankrupts. It is further agreed as a condition of taking the titles, that after the expiration of 120 days the First National Bank of Lacon shall be considered to be the owners of the trucks as though the conveyance of title was completely made as of the date of the instrument.

320

At the time of the execution of the agreement, the trucks and trailers remained in the possession of Frank Grampp & Son in Princeton, Bureau county, Illinois. At that time Frank Grampp & Son delivered to the plaintiff bank the certificates of title for the trucks and trailers signed in blank. During the 120 days following the execution of the agreement the firm of Frank Grampp & Son was not declared to be bankrupts, and no petition was filed during said period to declare it bankrupt. After the expiration of the 120-day period, on or about July 1, 1949, the First National Bank of Lacon, Illinois, went to Princeton, by its agents, and took possession of all of the trucks and trailers described in the agreement and removed them from Bureau county, Illinois, to Lacon in Marshall county, Illinois. On or about that same date, July 1, 1949, the plaintiff bank filled in the blank assignment on the certificates of title for the said trucks and trailers with its own name, sent them to Springfield, Illinois, and had the titles recorded or registered in its name as owner, in the office of the Secretary of State. The bank thereupon assumed complete ownership of the trucks and trailers, treated them as its own property, and converted them completely to its own use in accordance with the terms of the agreement. Thereafter the bank kept the trucks and trailers, as its own property for a period of over five (5) months and on December 3, 1949 sold them at auction. At the sale the bank received the total sum of $5,940 on trucks sold. Prior to the sale the bank had also received the sum of $5,770.44 from payments made by endorsers of other checks not involved in this suit, but all of which checks are included in the total of $13,500 mentioned in the agreement dated February 19, 1949, between the First National Bank of Lacon, Illinois and Frank Grampp & Son.

321

At the hearing on the merits of this case the plaintiff bank introduced in evidence, a statement of expenses in securing, moving, storing, repairing, maintaining and selling the trucks and trailers in the total amount of $1,328.06. This statement was objected to by the defendant as being incompetent, for the reason that the agreement dated February 19, 1949, between the First National Bank of Lacon, and Frank Grampp & Son, contains no provisions or authority for charging any such costs to Frank Grampp & Son or to the defendant.

■ ■ It is insisted by the appellant that the trial court erred in not sustaining their motion to transfer the case to the circuit court of Cook county, because the statute provides that a civil action must be commenced in the county in which the defendant resides or in which the transaction or some part thereof occurred, out of which the cause of action arose. It is conceded that the defendant was doing business in Chicago, Cook county, Illinois, and that the plaintiff was domiciled in Marshall county, Illinois, where the suit was started. The check was mailed from Chicago, Illinois, to Grampp & Son who were doing business at Princeton in Bureau county, Illinois. The check was cashed at the plaintiff's bank in Marshall county, Illinois, and we think that part of the transaction took place in Marshall county, Illinois. After the defendant was served with summons in Cook county, it filed an answer and denied any liability on this check. This was a general appearance in the circuit court of Marshall county, and according to the rule as laid down in *Iles v. Heidenreich,* 271 Ill. at Page 480, they are barred from raising this question after they entered their general appearance by filing an answer. The syllabus of this case is as follows: "The right of a defendant to be sued in a City or County where he resides is a privilege of which he can avail himself if he so chooses,

but if he does not plead such privilege in apt time he will be deemed to have waived it and submitted to the jurisdiction of the Court, and in such case he cannot raise the question on appeal or writ of error." To the same effect is *Werner v. W. H. Shons Co.*, 260 Ill. App. 262; *May v. Larson*, 304 Ill. App. 137; *Greenberg v. Neiman*, 320 Ill. App. 99. The court had jurisdiction of the subject matter of this suit, and the defendant by answering the complaint, is not now in a position to urge that the court erred in not transferring the case to some court in Cook county.

█ The plaintiff bank knew that Grampp & Son were deeply indebted, and as a means of protecting their own rights they took a bill of sale to all of the personal property of Grampp & Son, which included trucks, trailers, accounts and other checks, aside from the one involved in this suit. Later the bank realized a substantial amount out of other notes and accounts, and then proceeded to sell the trucks and after deducting all of the expenses of collections and advertising the sale of the trucks, there was still a balance due them from Grampp & Son of $3,000. The defendant does not claim that the bank did not act fairly in regard to this matter, but does insist that the bank took the assignment of this property in liquidation of the indebtedness of the Grampps. We find no merit in this contention, as the record is barren of any facts that would support them, but it does show that the bank took this assignment of this personal property as collateral security for the indebtedness.

█ There is no evidence whatsoever, that the appellee in this case had any reason to doubt but that this check was genuine and that it took it in good faith, and under the law, would be a holder in due course of a negotiable instrument. It holds the same free of any defect of title of prior parties, and free of defenses available to prior parties among themselves. The bank

323

had no notice of any infirmity of the check, or of any bad faith on the part of the Grampps, and it is complete and regular on its face. It is our conclusion that the trial court properly found the issues in favor of the plaintiff, and entered judgment in its favor, and the judgment should be and is affirmed.

*Judgment affirmed.*