James Earl **SULLIVAN** and Norma Jean Sullivan, Appellants,

v.

**UNITED DEALERS CORPORATION,**
Appellee.

Court of Appeals of Kentucky.

Oct. 20, 1972.

H. K. Spear, M. D. Harris, Harris & Wicker, Somerset, for appellants.

John G. Prather, Somerset, for appellee.

REED, Justice.

The sole issue presented is whether appellee, United Dealers Corporation, a finance company, was a holder in due course of a promissory note executed and delivered by appellants, James Earl Sullivan and Norma Jean Sullivan, his wife, in payment for building materials and labor furnished by Memory Swift Homes, Inc., the payee of the note.

Memory Swift Homes, Inc., contracted with the Sullivans to construct a prefabricated dwelling house for them. The contract was dated March 26, 1963, and on April 9, 1963, the Sullivans executed and delivered to Memory Swift, the contractor, their promisory negotiable note in the sum of $18,224.64 secured by a mortgage on the real property and the improvement to be located thereon. On the same day, the contractor negotiated the note and assigned the mortgage to the finance company.

On June 25, 1963, the finance company negotiated the note to a bank which took the instrument with right of recourse. After the negotiation of the note to the finance company but prior to its negotiation by the finance company to the bank, the Sullivans delivered written statements to the finance company that the foundation of the house had been properly installed and also certified that all framing members in the house were properly and sufficiently nailed to make it a sound and sturdy structure and that all work had been performed in a workmanlike manner.

Beginning in August 1963, the Sullivans made several monthly payments according to the terms of the note but then defaulted. The last monthly payment was made in April 1966, but this covered the monthly installment due in August 1965. On April 25, 1966, the bank transferred the note back to the finance company, for value, without recourse. The finance company then instituted action against the Sullivans for collection of the note and foreclosure of the mortgage. The Sullivans pleaded that the finance company was not a holder in due course of the note and that the contractor had constructed the house in an unworkmanlike manner by reason of which they had been damaged; they sought to assert their claim against the contractor as a defense against the finance company. The parties to the action failed to demand a jury trial and, with their consent, the factual issues were tried by the court without a jury.

The trial court found from the evidence that the finance company was a holder in due course of the note; therefore, the defenses arising from the alleged breaches of contract by the contractor and payee of the note were held nonassertable against the finance company. Judgment was entered for the unpaid balance of the note and foreclosure of the mortgage was ordered. The Sullivans appeal and argue the single proposition that the finance company did not become a holder in due course at the time the note was transferred and negotiated to it by the payee. We affirm the judgment of the circuit court.

The entire case for the Sullivans may be summarized by the following quotation from the brief filed on their behalf:

"The testimony shows that the appellee [the finance company] was cognizant and knew about this contract. The appellee [the finance company] had done around $500,000 with Memory Swift Homes, Inc., over a period of number of years beginning in 1951. The appellee also knew at the time they purchased this note and mortgage that no work had been performed on the construction of the house. The appellee [the finance company] knowing about this contract, they were put on notice that there *might be* a defense on the note because of the faulty construction of the dwelling house and is, therefore, not a holder in due course and did not take the instrument in good faith—that is the note and mortgage." (Parenthetical expressions and emphasis supplied.)

■ Notice, in order to prevent one from being a bona fide holder under the law merchant, or a holder in due course under the NIL or the Commercial Code, means notice at the time of the taking or at the time the instrument is negotiated, and not notice arising subsequently. The time when value is given for the instrument is decisive. The moment value is given without notice the status as a holder in due course generally is definitely and ir-revocably fixed. The Commercial Code, which has been adopted in Kentucky, provides that to be effective notice to a purchaser must be received at such time and in such manner as to give a reasonable opportunity to act on it. KRS 355.3–304(6). See 11 Am.Jur.2d, Bills and Notes, Sec. 428, pp. 458, 459.

■ Where a close business association between the payee and one who purchases an instrument from him implies the knowledge of such facts as to show bad faith or renders himself a participant in the transaction between the payee and the maker, a finding that such purchaser is not a holder in due course has been regarded as supportable. See 44 A.L.R.2d 154. In Massey-Ferguson v. Utley, Ky., 439 S.W.2d 57 (1969), we discussed several aspects of the basic problem. Therein we expressed the thought that the policy of the Commercial Code was to encourage the supplying of credit for the buying of goods by insulating the lender from lawsuits over the quality of the goods. The insulation provided, however, appears intended primarily for finance institutions acting independently to supply credit, rather than to protect a manufacturer who finances his own sales either in his own name or by a dominated and controlled agency.

■ In the case before us, there is no allegation of fraud involving the payee of the note and the finance company. There is no claim any fact existed that the finance company could have discovered at the time of the transfer of the instrument and that would have indicated any deficiency or defect. The maker of the note represented that the state of facts at that time was one of compliance by the contractor with the duties imposed by the contract. The evidence failed to demonstrate any direct connection between the contractor and the finance company except a frequent course of dealing between them. In short, the evidence failed to demonstrate any bad faith on the part of the finance company at the time of the negotiation and

transfer of the note to it. All of the evidence demonstrated a complete lack of notice to the finance company that would justify a finding that it failed to acquire the status of a holder in due course.

The judgment is affirmed.

All concur.