[No. 7929–8–I.   Division One.   June 29, 1981.]

LYNNWOOD SAND AND GRAVEL, INC., *Appellant,*
v. BANK OF EVERETT, *Respondent.*

*Jones & Young* and *Arnold M. Young,* for appellant.

*Bell & Ingram* and *James Jones,* for respondent.

JAMES, C.J.—Plaintiff Lynnwood Sand and Gravel, Inc. (Lynnwood) appeals entry of summary judgment in favor of defendant Bank of Everett (Everett) in a suit to recover the amount of a check drawn by Lynnwood and paid by Everett over a stop payment order. We affirm.

On December 23, 1977, Lynnwood issued its check No. 1555 in the amount of $30,000 drawn on Everett and payable to Western Cedar Products (Western). Western deposited the check in its checking account at Peoples National Bank (Peoples) the same day. Also on December 23, Peoples gave provisional credit for the check, reducing an existing overdraft of $32,328.71 in Western's account by the full amount of the check.

Lynnwood contends it issued a stop payment order to Everett on December 27 with respect to check No. 1555. For purposes of the summary judgment motion, it was assumed that a valid stop payment order was given. On December 28, Everett returned the check to Peoples with the notation, "non–collected funds, refer to maker." On January 5, 1978, Peoples resubmitted the check to Everett, and Everett paid the check.

If Peoples was a holder in due course of the check, Everett is subrogated to its rights. RCW 62A.4–407 provides:

> If a payor bank has paid an item over the stop payment order of the drawer or maker . . ., to prevent unjust enrichment and only to the extent necessary to prevent loss to the bank by reason of its payment of the item, the payor bank shall be subrogated to the rights
>
> (a) of any holder in due course on the item against the drawer or maker; . . .

Because Lynnwood presented no defense valid against a holder in due course, Lynnwood cannot recover against Everett if Peoples was a holder in due course. A holder in due course is defined by RCW 62A.3–302, which states:

> (1) A holder in due course is a holder who takes the instrument
> (a) for value; and
> (b) in good faith; and
> (c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

That Peoples acted in good faith and was without notice of dishonor or of claims or defenses regarding the check when provisional credit was given is not disputed. Lynnwood does, however, contend that Peoples did not take the instrument for value. RCW 62A.3–303 provides:

> A holder takes the instrument for value
> (a) to the extent that the agreed consideration has been performed or that he acquires a security interest in or a lien on the instrument otherwise than by legal process; or
> (b) when he takes the instrument in payment of or as security for an antecedent claim against any person whether or not the claim is due; . . .

RCW 62A.4–209 provides:

> For purposes of determining its status as a holder in due course, the bank has given value to the extent that it has a security interest in an item provided that the bank otherwise complies with the requirements of RCW 62A.3–302 on what constitutes a holder in due course.

RCW 62A.4–208 provides:

> (1) A bank has a security interest in an item and any accompanying documents or the proceeds of either

(a) in case of an item deposited in an account to the extent to which credit given for the item has been withdrawn or applied;

(b) in case of an item for which it has given credit available for withdrawal as of right, to the extent of the credit given whether or not the credit is drawn upon and whether or not there is a right of charge-back; or

(c) if it makes an advance on or against the item.

Lynnwood contends that Peoples neither allowed a withdrawal nor applied credit given for the item by merely granting a provisional credit to its depositor, and thus did not take for value. Everett responds that value was given because the credit was applied to reduce an existing overdraft in the depositor's account. The issue, then, is whether a bank takes an item for value for purposes of becoming a holder in due course by giving provisional credit for the item which is applied against an existing overdraft in the depositor's account. We conclude that a bank does give value and becomes a holder in due course under these circumstances.

■ It is well established that the mere granting of provisional credit, without more, does not constitute a taking for value. *Marine Midland Bank–New York v. Graybar Elec. Co.*, 41 N.Y.2d 703, 363 N.E.2d 1139, 395 N.Y.S.2d 403 (1977); *St. Paul Fire & Marine Ins. Co. v. State Bank,* __ Ind. App. __, 412 N.E.2d 103 (1980); *Universal C.I.T. Credit Corp. v. Guaranty Bank & Trust Co.*, 161 F. Supp. 790 (D. Mass. 1958); Official Comment 3, RCWA 62A.3–303. *See generally* J. White & R. Summers, *Uniform Commercial Code* § 14–5 (2d ed. 1980).

But it is also well established that a depository bank gives value when it allows its depositor to make withdrawals against uncollected checks for which the bank has given credit. *Peoples Bank v. Haar*, 421 P.2d 817 (Okla. 1966); *St. Cloud Nat'l Bank & Trust Co. v. Sobania Constr. Co.*, 302 Minn. 71, 224 N.W.2d 746 (1974); *St. Paul Fire & Marine Ins. Co. v. State Bank, supra; Universal C.I.T. Credit Corp. v. Guaranty Bank & Trust Co., supra. See Schnitger v. Backus,* 10 Wn. App. 754, 519 P.2d 1315

(1974).

A bank makes a loan to its customer by allowing an account overdraft. *State v. Larson,* 119 Wash. 259, 205 P. 373 (1922). This creates an "antecedent claim" within the meaning of RCW 62A.3–303(b). By applying credit given for a check to reduce an existing overdraft in the depositor's account, a bank gives value for the check, even if the credit is provisional. *Laurel Bank & Trust Co. v. City Nat'l Bank,* 33 Conn. Supp. 641, 365 A.2d 1222 (1976); *St. Paul Fire & Marine Ins. Co. v. State Bank, supra; United States Cold Storage Corp. v. First Nat'l Bank,* 350 S.W.2d 856 (Tex. Civ. App. 1961); *Bowling Green, Inc. v. State St. Bank & Trust Co.,* 307 F. Supp. 648 (D. Mass. 1969). *Cf. Peoria Sav. & Loan Ass'n v. Jefferson Trust & Sav. Bank,* 81 Ill. 2d 461, 410 N.E.2d 845 (1980) (holding that when an overdraft exists in a depositor's account, a bank takes an item for value when it is delivered and not subsequently when the bookkeeping entry is made). Peoples became a holder in due course no later than when it granted provisional credit for the check and applied that credit to reduce an existing overdraft in Western's account.

Lynnwood relies primarily upon *Marine Midland Bank v. Graybar Elec. Co., supra.* The case is distinguishable. There, the depositor of a check had both a checking account and an independent loan from the bank. The bank applied credit for a subsequently dishonored check against the depositor's loan obligation. The court reasoned that because the depositor's loan and checking account were not interconnected, the bank did not take the check in satisfaction of an antecedent claim but merely took unilateral action to protect its security. Here, Peoples granted provisional credit against an overdraft in Western's checking account for a check deposited in Western's account.[1]

Citing RCW 62A.4–202(1)(b), Lynnwood finally contends

---

[1]We also note the conclusion of the *Marine Midland* court that credit was not applied against an antecedent claim has been criticized. *See* T. Quinn, *Uniform Commercial Code Commentary & Law Digest* ¶ 4–208[A][5] (Supp. 1979).

that Peoples, if a holder in due course, lost that status by breaching its duty of ordinary care through failing to reverse the provisional credit upon receipt of the notice of dishonor and by failing to return the item. We do not agree.

Subsequent notice of infirmities in the instrument has no effect upon the rights of a holder in due course, absent a showing of bad faith. *Sullivan v. United Dealers Corp.*, 486 S.W.2d 699 (Ky. Ct. App. 1972); 11 Am. Jur. 2d *Bills and Notes* § 428 (1963). There is no contention that Peoples acted in bad faith. Moreover, RCW 62A.4-202(1)(b) is designed for the protection of the bank's customer. When returning an item, the collecting bank (here Peoples) acts as agent for the owner of the item, RCW 62A.4-201, who is the depositor (here Western). *Belsheim v. First Nat'l Bank*, 77 Wash. 552, 137 P. 1055 (1914). *See generally* Comments, RCWA 62A.4-201. The statute does not provide that failure to use ordinary care deprives the bank of holder in due course status as to a check on which a third party is obligated.

The judgment is affirmed.

WILLIAMS and DURHAM, JJ., concur.